# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**RANDY LEE SAMPSON,**

     **Plaintiff,**

**vs.**                          **Case No.  1:24cv130-AW-MAF**

**ALACHUA COUNTY JAIL,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy Sampson, a detainee in the Alachua County Jail, initiated this case by submitting a handwritten letter to this Court, ECF No. 1, which the Clerk's Office used to open this case.  Because Plaintiff complained about the conditions of confinement at the jail, this action was deemed to be a civil rights case which may proceed pursuant to 42 U.S.C. § 1983.  However, an Order was entered on July 31, 2024, advising Plaintiff that if he wanted to proceed with this case, he must do two things. ECF No. 3.  First, Plaintiff must file a proper complaint on the Court's civil rights complaint form.  Second, Plaintiff must file an in forma pauperis motion if he lacks resources with which to pay the filing fee of $405.00.  *Id.*

Plaintiff's deadline to comply with that Order is today, August 30 2024. *Id.*

Plaintiff has not yet filed a civil rights complain or in forma pauperis motion,

nor has he paid the filing fee.

Instead, Plaintiff has filed a motion, ECF No. 4, which essentially

asks this Court to have him transferred to the Southern District of Florida.

Plaintiff clarifies that he was released from federal custody in April of 2023,

but he violated his "no-contact order" and "received (120) days in the

Alachua County Jail." ECF No. 4. He states that he has a probation

violation out of the Southern District of Florida but has not yet been before

a magistrate judge. He wants assistance in getting "transferred back to the

southern District to handle [his] probation violation." *Id.*

This civil case cannot be used to provide any relief or assistance to

Plaintiff in dealing with issues related to a criminal proceeding in the

Southern District of Florida. It would not be appropriate for this Court to

contact Plaintiff's defense lawyer or his probation officer, as Plaintiff has

requested. ECF No. 4. Because Plaintiff has made no reference to the

prior Order, and it does not appear that he is interested in pursuing this civil

case, it is recommended that this case be dismissed.

Case No. 1:24cv130-AW-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned about the consequences in not complying with the prior Order, ECF No. 3.  Because Plaintiff has failed to prosecute this case, dismissal of this action is appropriate.

Case No. 1:24cv130-AW-MAF

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

without prejudice for failure to prosecute and failure to comply with a Court

Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 30, 2024.


 S/    Martin A. Fitzpatrick          
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**